IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHIRLEY D. SHARPE,** *And all others similarly situated* **Plaintiff,** v. **MIDLAND CREDIT MANAGEMENT and MIDLAND FUNDING, LLC,** **Defendants.** | **CIVIL ACTION** **NO. 16-6256** |

DuBois, J.  September 1, 2017

## MEMORANDUM

### I. INTRODUCTION

Shirley D. Sharpe brought this putative class action on behalf of herself and others similarly situated seeking damages that arise from debt-collection letters mailed by defendants to Sharpe and others that allegedly violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Presently before the Court is defendants' Motion for Judgment on the Pleadings. For the reasons that follow, the defendants' motion is denied.

### II. BACKGROUND

Plaintiff initiated the instant suit on December 1, 2016, asserting a single claim under the FDCPA, against defendants Midland Credit Management ("MCM") and Midland Funding, LLC ("Midland Funding). The facts of this case as set forth in plaintiff's Complaint are as follows.

Midland Funding purchased consumer debt from Capital One Bank (U.S.A.) N.A. ("Capital One") and engaged MCM to collect the debts, including debt owed by plaintiff. *See* Compl. ¶¶ 12, 14. On December 2, 2015, defendant MCM sent plaintiff a one-page,

1

double-sided letter ("the Letter") demanding payment of the alleged debt. Compl. ¶ 14. Plaintiff contends that the Letter "bur[ies] or obscure[s]" the statutorily mandated Validation Notice, which informs a consumer of the right to dispute a debt and requires a debt collector to cease collection of that debt pending validation. *See* Compl. ¶ 17–18. The Letter is attached as Exhibit A.

The Letter references the debtor's rights vis-à-vis the debt collector in two places on the front page. First, text in the middle of the front page of the Letter provides: "P.S. These payment opportunities do not alter or amend your validation rights as described on the reverse side." That text is located below two text boxes containing bold and enlarged text that discloses possible payment options. Those parts of the Letter are reproduced below.

> Next Steps... You Choose.
>
> **Option 1:** Resolve the account and pay only $600.94! With this option, SAVE $66.77 if you pay by 01-16-2016.
>
> **Option 2:** Set up a payment plan that works for you. Call (855) 977-1969 and speak to a professional Account Manager to set up a plan.
>
> *Have a great day and we look forward to hearing from you!*
>
> Sincerely,
>
> Christi Weber, Division Manager
>
> P.S. These payment opportunities do not alter or amend your validation rights as described on the reverse side.
>
> This account may still be reported on your credit report as unpaid.
>
> We will not report your debt to the credit bureaus if you set up a payment plan, make a payment by 03-02-2016 and make all payments as agreed.

The debtor's rights are referenced again at the bottom of the page in text printed between two large blue boxes. One box, labeled "Account at a Glance," in bold blue type-face, contains information including the debtor's current balance, possible consumer discounts, and the discount offer expiration date. The other box is titled "Payment Certificate" in white text offset by the blue background and contains instructions for payment. In between those two boxes the

2

debtor is instructed to "PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION." Those parts of the Letter are reproduced below.



At the top of the reverse side, the Letter reads: "Important Disclosure Information" in bold type-face. The debtor is then met with the two text boxes described hereinafter. The first informs the debtor that the communication is from a debt collector. The text box instructs the debtor in bold, capital letters: "PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION," referring the reader to the front of the Letter. Below the box instructing the debtor to return to the front page are several paragraphs in ordinary typeface, including, beginning in the fourth paragraph, the validation notice. Those parts of the Letter are reproduced below.

> Important Disclosure Information:
>
> Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION
>
> Calls to and/or from this company may be monitored or recorded.
>
> The records associated with the Capital One Bank (USA), N.A. account purchased by MIDLAND FUNDING LLC, reflect that you are obligated on this account, which is in default.
>
> As the owner of this account, but subject to the rights described below, MIDLAND FUNDING LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.
>
> Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.
>
> If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.
>
> If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.
>
> If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.
>
> Please remember, even if you make a payment within thirty (30) days after receiving this notice, you still have the remainder of the thirty (30) days to exercise the rights described above.
>
> You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

After receiving the Letter, plaintiff commenced this lawsuit on behalf of herself and others who have received similar letters from defendants. Plaintiff alleges that the Letter violates 15 U.S.C. § 1692g because it "bur[ies] or obscure[s] the important Section 1692g Validation Notice to impede a consumer from learning their rights to seek validation." Compl. ¶ 18.

### III. Applicable Law

A. Fed. R. Civ. P. 12(c)

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analyzed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n 4 (3d Cir. 1986); *Regalbuto v. City of Phila.*, 937 F.Supp. 372, 376 (E.D.Pa. 1995), *aff'd* 91 F.3d 125 (3d Cir. 1996). In deciding a Rule 12(c) motion, "the court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record." *Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F.Supp.2d 591, 595 (E.D. Pa. 2010). A motion for judgment on the pleadings will only be granted if "the plaintiffs

would not be entitled to relief under any set of facts that could be proved." *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001). In determining whether a plaintiff has stated a claim for relief, the court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. *Id.*

A motion for judgment on the pleadings, like a motion to dismiss, tests the legal sufficiency of a claim in light of the facts pled in the complaint. To survive such a motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. Then the court evaluates all "well-pleaded, nonconclusory factual allegation[s]" to determine whether the plaintiff has stated a plausible claim for relief. *Id.*

B. Fair Debt Collection Practices Act

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") to give consumers a private cause of action against debt collectors as protection from "abusive" and "unfair" debt collection practices that "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Because the FDCPA is a remedial statute, the Court must broadly construe its provisions to give full effect to its legislative purpose. *See Caprio v. Healthcare Recovery Group, LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

5

To that end, Congress requires that debt collectors provide consumers with adequate notice of their rights under the FDCPA. *See id.* Section 1692g(a) provides that a debt collector must inform the debtor of:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). The validation notice is contained in paragraphs 3 through 5 of § 1692g(a). *See id.* at 147 (citing § 1692g(a)). If a debtor exercises her validation rights, § 1692g(b) obligates a debt collector to "cease all collection efforts" until the debt collector has verified the debt. *See id.* (quoting § 1692g(b)).

The Court must analyze the validation notice from the perspective of the "least sophisticated debtor." *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006). "[T]he basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The United States Court of Appeals for the Third Circuit recognizes that the least sophisticated debtor is easily mislead or deceived and thus a court must do more than "simply examin[e] whether particular language would deceive or mislead a reasonable

debtor." *Id.* Still, even the least sophisticated debtor must read the debt collection notice in its entirety. *Id.*

To challenge a validation notice, the plaintiff must show that "(1) the form of the debt collection letter 'overshadows' the validation notice; or" (2) "the substance of the debt collection letter 'contradicts' the validation notice." *See Jewsevskyj v. Financial Recovery Services, Inc.*, 2016 WL 6162728 at *4 (E.D. Pa. 2016). Whether the language in a debt collection letter overshadows or contradicts a validation notice is a question of law. *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000). Although a debt collector need not quote the statute verbatim to satisfy its requirements, *see e.g.*, *Dutterer v. Thomas Kalperis Int'l, Inc.*, 767 F.Supp.2d 504, 508 (E.D. Pa. 2011), "more is required than the mere inclusion of the statutory debt validation notice." *See Wilson*, 225 F.3d at 354. For example, the validation notice must be both sufficiently large and sufficiently prominent. *See Jewsevskyj*, 2016 WL 6162728 at *4. Significantly, other text in the debt collection letter must not overshadow the validation notice. "Screaming headlines, bright colors, and huge lettering" of other text, compared to ordinary typeface of a validation notice, points to "a deliberate policy of evading the spirit of the FDCPA and misleading the debtor into disregarding the validation notice." *Caprio*, 709 F.3d at 154. The United States Court of Appeals for the Third Circuit has also concluded that "the juxtaposition of two inconsistent statements . . . render[s] the statutory notice invalid under section 1692g." *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

## C. ANALYSIS

In analyzing the validation notice from the perspective of the least sophisticated debtor, the Court finds that the plaintiff has stated a claim for relief, because the form and substance of the Letter overshadow and contradict the validation notice.

7

Defendants first argue that the two references on the front of the Letter— "PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION," at the bottom, and "P.S. These payment opportunities do not alter or amend your validation rights as described on the reverse side,"—are sufficiently conspicuous to notify even the least sophisticated debtor of the validation rights located on the back. Defs. Mem. Supp. Mot. for J. on the Pl. at 8–10. Defendants further contend that because even the least sophisticated debtor is obligated to read the entire collection notice, plaintiff cannot base an FDCPA claim on her own "willful ignorance" of the validation notice. *Id.* at 13. Finally, defendants argue that the validation notice contained in the Letter would have been compliant with the requirements of the FDCPA even absent instructions on the front of the letter directing the debtor to the validation notice, because the notice is neither deceptive nor misleading. *See id.* at 15. For the reasons that follow, the Court finds these arguments unpersuasive.

While it is true that a validation notice is not rendered illegal simply because it is located on the reverse side of a debt collection letter, the United States Court of Appeals for the Third Circuit has never held that the mere inclusion of the statutory language is sufficient to comply with the requirements of the FDCPA. *See Wilson*, 225 F.3d at 353 ("the required notice must also be conveyed effectively to the debtor"). Moreover, in the cases that defendants cite, the required disclosures located on the back page of a debt collection letter were significantly more prominent than the validation notice at issue in this case. *See* Defs. Mem. Supp. Mot. for J. on the Pl. at 10. In *Hoover v. Midland Credit Management*, 2012 WL 1080117 (E.D. Pa. 2012), for example, the District Court found that even the least sophisticated debtor instructed to "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION" "could not have missed the *only* text that appears" on the reverse side of the letter, which contained disclosure information required by

8

Section 1692e(11). *Id.* at *7. Similarly, the District Court held that the validation notice at issue in *Hawke v. EOS CCA*, 2014 WL 948059 (E.D. Pa. 2014), did not violate the FDCPA where the front page of the letter instructed the debtor to "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION" and the reverse side of the letter contained the validation notice at the top of the page below a bold title reading "FEDERAL LAW." *Id.* at *1–*2.

In this case, however, the validation notice is far from conspicuous. The validation notice begins on the reverse side of the Letter four paragraphs below a text box with bold instructions to return to the front page of the letter. The text is not set apart in any way—there is no title, no bold lettering, and no underlined information— from other text in the Letter. This is true despite the fact that other seemingly less important and not statutorily required information is made more prominent through the use of bold and underlined typeface.

Defendants acknowledge that courts have found collection letters in violation of the FDCPA, but rely on *Harlan v. Transworld Systems, Inc.*, 2014 WL 1414508 (E.D. Pa. 2014) and *Caprio*, 709 F.3d 142, to argue that a validation notice is overshadowed only if it is explicitly contradicted by other language or images in the collection letter. *See* Defs. Mem. Supp. Mot. for J. on the Pl. at 11–13. The Court rejects that argument.

In *Harlan*, the defendant characterized plaintiff's "entire claim [as] predicated on the *format*" of the validation notice. 2014 WL 1414508 at *3 (emphasis in original). Although the District Court declined to rule on whether "the letter's formatting—the small text of the notice, its placement on the back, and the relatively small and less (if not in-) conspicuous advisement to see the reverse side of the letter—alone violates § 1692g," it concluded that the validation notice was overshadowed by both the content of the letter and the small, inconspicuous text. 2014 WL 1414508 at *5. Similarly, in *Caprio*, the Court considered both the physical characteristics and

9

substance of the letter to hold that a debt collection letter violated § 1692g, because prominent language on the front of the letter instructed the debtor to "please call" to dispute the debt, which directly conflicted with the validation notice that requires a debtor to submit disputes in writing. 709 F.3d 142 at 151 (noting both the placement of the validation notice on the back of the letter and that "more attention was then drawn to this deficient alternative because both the words 'please call' and the toll-free number itself were printed in bold . . . . [whereas] no such bold print was used . . . in the Validation notice.").

In this case, like in *Harlan*, defendants mischaracterize plaintiff's claim as relying solely on the placement and format of the validation notice on the reverse side of the Letter and argue that the placement and format of the notice is not confusing. In doing so, defendants ignore the Letter's primary source of confusion by failing to address the reverse side of the Letter, which almost immediately instructs the debtor to "PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION"—in other words, to return to the front page of the Letter. The instruction on the back of the Letter to return to the front page of the Letter appears directly below a text box purporting to convey "Important Disclosure Information." The least sophisticated debtor could reasonably conclude that the relevant disclosure information referenced on the front page of the Letter was logically contained in the text box below the words "Important Disclosure Information," which alerted the debtor: "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose." Alternatively, the least sophisticated debtor, upon reading the instruction on the back page of the Letter to return to the front page for important disclosure information, could reasonably return to the front page to find a host of information regarding credit reporting information and payment options. Thus, while the contradictory information in

the Letter is not as explicit as in *Caprio*, the Letter's confusing and contradictory instructions with respect to the location of the debtors rights, coupled with the small and inconspicuous text of the validation notice itself, could make the least sophisticated debtor uncertain as to her rights.

After examining both the physical characteristics and the content of the Letter and the Complaint, the Court concludes that plaintiff has sufficiently alleged that the validation notice is overshadowed or contradicted by other text and therefore violates the FDCPA. For the above reasons, defendants' Motion for Judgment on the Pleadings is denied.

Defendants also argue that because plaintiff's claim fails as a matter of law, the Complaint must be dismissed as to the proposed class. *See* Defs. Mem. Supp. Mot. for J. on the Pl. at 16 –17. Because the Court denies defendants' Motion for Judgment on the Pleadings, the Complaint will not be dismissed as to the proposed class.

### D. CONCLUSION

For the foregoing reasons, defendants' Motion for Judgment on the Pleadings is denied. An appropriate order follows.

# Exhibit A

# Welcome. Your account has a new home.



**mcm** Midland Credit Management, Inc.
2365 Northside Drive, Suite 300, San Diego, CA 92108

**Account Transfer Details:**
Current Owner: Midland Funding LLC
Original Creditor: Capital One Bank (USA), N.A.
Original Account Number: ████████3338
MCM Account Number: ████████6071
Current Balance: $667.72
New Consumer Discount Offer: 10% off balance

008
PBT104 Shirley D Sharpe
1122 W Master St
Philadelphia, PA 19122-4114

12-02-2015
Dear Shirley,

Welcome! On 11-18-2015, your Capital One Bank (USA), N.A. account was sold to MIDLAND FUNDING LLC, which is now the sole owner of this debt. Midland Credit Management, Inc. ("MCM"), a debt collection company, will be collecting on, and servicing your account, on behalf of MIDLAND FUNDING LLC.

As a new consumer, we'd like to offer you a 10% discount on the balance. Pay $600.94 by 01-16-2016 and save $66.77. Read on and take a minute to get to know us.

**Your experience with MCM will be different. Period.**

**What to expect from MCM:**
Now that we are servicing the account, we have assigned the account an MCM Account Number, 8568156071. MCM will reach out to you by phone and mail over the months to come. We also have a website, www.midlandcreditonline.com, where you can login using your MCM account number to view account details.

**MCM, a partner you can trust.**
We value your experience and understand that managing debt can be a difficult process! That is why we set standards for how you are to be treated while working with us. Visit www.midlandcreditonline.com to learn about our *Consumer Bill of Rights* or call (855) 977-1969 to experience the difference for yourself.

**Next Steps... You Choose.**

**Option 1:** Resolve the account and pay only $600.94! With this option, SAVE $66.77 if you pay by 01-16-2016.

**Option 2:** Set up a payment plan that works for you. Call (855) 977-1969 and speak to a professional Account Manager to set up a plan.

*Have a great day and we look forward to hearing from you!*

Sincerely,

Christi Weber, Division Manager

P.S. These payment opportunities do not alter or amend your validation rights as described on the reverse side.

This account may still be reported on your credit report as unpaid.

We will not report your debt to the credit bureaus if you set up a payment plan, make a payment by 03-02-2016 and make all payments as agreed.

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.

Hours of Operation:
M–Th: 5:00am–9:00pm PST
Fri: 5:00am–4:30pm PST
Sat: 5:00am–4:30pm PST
Sun: 5:00am–9:00pm PST

 Call: (855) 977-1969

 Pay Online at: www.midlandcreditonline.com

Mail: Payment Certificate

## Account at a Glance

| Current Balance: | New Consumer Discount Offer: | Pay Today and Save: |
|---|---|---|
| $667.72 | $600.94 | $66.77 |
| Call: (855) 977-1969 | Purchase Date: 11-18-2015 | Offer Expiration Date: 01-16-2016 |

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION



Important Disclosure Information:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

Calls to and/or from this company may be monitored or recorded.

The records associated with the Capital One Bank (USA), N.A. account purchased by MIDLAND FUNDING LLC, reflect that you are obligated on this account, which is in default.

As the owner of this account, but subject to the rights described below, MIDLAND FUNDING LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within thirty (30) days after receiving this notice, you still have the remainder of the thirty (30) days to exercise the rights described above.

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

RETAIN THE FOLLOWING ADDRESS INFORMATION FOR YOUR RECORDS:

Communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to: 2365 Northside Drive, Suite 300, San Diego, CA 92108; Attn: Consumer Support Services.
MAIL PAYMENTS TO: P.O. Box 60578, Los Angeles, CA 90060-0578
MAIL CORRESPONDENCE BUT NO PAYMENTS TO: 2365 Northside Drive, Suite 300, San Diego, CA 92108
MAIL CREDIT REPORTING CORRESPONDENCE TO: MCM CREDIT REPORTING DEPARTMENT, 2365 Northside Drive, Suite 300, San Diego, CA 92108

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Midland Credit Management has a Colorado office with the following address and telephone number: Building B, 80 Garden Center, Suite 3, Broomfield, CO 80020. Telephone number: (303) 920-4763.

Only physical in-person payments may be accepted at this office location. All payments made via mail should be sent to the following address: P.O. Box 60578, Los Angeles, CA 90060-0578

IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to Midland Credit Management, Inc.

IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:
This collection agency is licensed by the Minnesota Dept. of Commerce.

IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:
New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:
North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108.

IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

"Nonprofit credit counseling services may be available in the area."

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

IF YOU LIVE IN UTAH, THIS APPLIES TO YOU:
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

IF YOU LIVE IN WYOMING, THIS APPLIES TO YOU:
As required by law, you are hereby notified that a negative credit report on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.